Chuck SIERS, Appellant,

v.

Mr. J. MORRASH (Hosp. Administrator), Staff Urologist at Scip, Mr. James Thompson (Caseworker), Mr. Erskind De Ramus (Deputy Comm.)

No. 82–5138.

United States Court of Appeals, Third Circuit.

Argued Jan. 12, 1983.

Decided Feb. 16, 1983.

Alexis J. Anderson * (argued), Duane, Morris & Heckscher, Philadelphia, Pa., for appellant.

Leroy S. Zimmerman, Atty. Gen., John H. Pope, Sheila M. Ford (argued), Deputy Attys. Gen., Pittsburgh, Pa., for appellees.

Before ADAMS, WEIS and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Senior Circuit Judge.

This is a direct appeal from an order of the United States magistrate, who denied plaintiff's motion for appointment of counsel in a civil rights suit challenging the defendants' alleged failure to provide adequate medical treatment. Defendants seek to dismiss the appeal on the ground that the magistrate's order, which the referring district court has neither reviewed nor adopted, is not a "final" order of the district court within the meaning of 28 U.S.C. § 1291 and that, therefore, this court lacks jurisdiction. We agree.

### I.

On August 7, 1981, Chuck Siers, while incarcerated at the State Correctional Institution at Pittsburgh (SCIP),[1] brought a civil rights action pursuant to 42 U.S.C. § 1983 claiming that defendants had deprived him of his rights under the Eighth and Fourteenth Amendments by failing to provide adequate treatment for a testicular disorder. Siers named as defendants the Hospital Administrator at SCIP, the staff urologist, a caseworker, and the Deputy Commissioner.[2]

The magistrate granted Siers' motion to proceed *in forma pauperis.* Subsequently, Siers filed a motion for appointment of counsel under 28 U.S.C. § 1915(d),[3] alleging his indigent status and his general ignorance of legal procedures. On December 3, 1981, the magistrate denied Siers' motion on the ground that he had not demonstrated that appointment of counsel "would materially aid the overall interests of the parties as well as the Court in the proper administration of justice." *Siers v. Morrash,* No. 81–1315 (Dec. 3, 1981). Fifteen days later, Siers filed an untimely motion for reconsideration which the magistrate also denied.[4] Siers did not seek review in the district court, nor did the district court rehear the matter *sua sponte.* On January 4, 1982, Siers filed this appeal.

### II.

■ 28 U.S.C. § 1291 provides that "[t]he courts of appeals shall have jurisdiction from all final decisions of the district courts of the United States."[5] To be a "final"

---

\* The court wishes to express its appreciation to Ms. Alexis J. Anderson, who without compensation forcefully and effectively represented plaintiff on appeal.

1. Subsequently, Siers was transferred to the State Correctional Institution at Graterford.

2. Siers sought only injunctive relief compelling the defendants to obtain an independent medical assessment of his condition.

3. 28 U.S.C. § 1915(d) provides:
   "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

4. A party has 10 days after being served with a copy of a magistrate's findings and recommendations to file written objections. 28 U.S.C. § 636(b)(1).

5. In *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the Supreme Court of the United States stated that the language of § 1291 has been consistently interpreted as indicating that a party may not take an appeal under this section until there has been a "decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 467, 98 S.Ct. at 2457 (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)).

order of the district court within the meaning of section 1291, the magistrate's decision must have been reviewed by the district court, which retains ultimate decision-making power. *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Every circuit which has considered this question holds that a magistrate's order is not a "final" order of the district court within the meaning of section 1291. *See Horton v. State Street Bank & Trust Co.,* 590 F.2d 403 (1st Cir.1979); *Matter of Mackin,* 668 F.2d 122 (2d Cir.1981); *Glover v. Alabama Board of Corrections,* 651 F.2d 1014, *reh'g denied,* 660 F.2d 120 (5th Cir. 1981); *Taylor v. Oxford,* 575 F.2d 152 (7th Cir.1978); *Metric & Multistandard Corporation v. Metrics,* 600 F.2d 1237 (8th Cir.1979); *United States v. First National Bank of Rush Springs,* 576 F.2d 852 (10th Cir.1978) (per curiam).

Siers argues, however, that Congress has indicated that a magistrate's determination of a nondispositive pretrial matter is a "final" appealable order for the purposes of 28 U.S.C. § 1291. A studied reading of the Federal Magistrates Act, 28 U.S.C. §§ 631–39, and its legislative history does not support this contention.

The Federal Magistrates Act provides in part that, except for certain enumerated dispositive motions,[6] "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). The legislative history pertaining to this section reveals Congress' express intention that a magistrate's determination of such pretrial matters "shall be 'final' subject only to the ultimate right of review by a judge of the court."[7] H.R.Rep. No. 94–1609, *reprinted in* 1976 U.S.Code Cong. & Ad.News 6162, 6170.

Congress has thus made clear that a magistrate's decision of a pretrial matter, such as the order from which Siers appeals in this case, is to be considered "final" absent review by a district judge. It does not follow, however, that the order should be considered a "final" decision of the district court for purposes of 28 U.S.C. § 1291.[8]

Indeed, the Federal Magistrates Act provides that a "[j]udge of the court ... may reconsider any pretrial matter under ... subparagraph A," and that, if a party files objections within 10 days, a "[j]udge of the court ... may accept, reject, or modify" the findings of the magistrate. 28 U.S.C. § 636(b)(1). Furthermore, Congress indicated in the legislative report on the act that the decision of the magistrate on such matters is "intended to be 'final' *unless a judge of the court exercises his ultimate authority to reconsider the magistrate's de-*

---

**6.** The excepted motions are those "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A).

**7.** The legislative report further reveals the Judiciary Committee's cogent reasoning for considering certain pretrial determinations of a magistrate as "final":

"Under section 631 of the Magistrate Act ..., a magistrate is required to be a member of the bar whose experience in the practice of law has been such as to persuade the appointing judges that he is competent to perform the duties of the office. If a particular magistrate does not have this competence it is assumed that a judge would not assign particular matters to the magistrate for hear-

ing and determination. However, assuming such competence, it seems to the Committee to be inefficient and duplicative to require a 'report and recommendation' from the magistrate to the judge as a prelude to a separate order by the judge in order to dispose of preliminary and pretrial matters."

H.R.Rep. No. 94–1609, *reprinted in* 1976 U.S. Code Cong. & Ad.News at 6170.

**8.** In his statement of jurisdiction, Siers does not expressly argue this point but alleges, instead, that the appeal "is from a final judgment of 28 U.S.C. § 1291 and thus is a final disposition of the right claimed by Siers in the lower court ..." (Br. at 1). Plaintiff cites three cases in support of this statement: *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Ray v. Robinson,* 640 F.2d 474 (3d Cir.1981); and *Ray v. Robinson,* 692 F.2d 749 (3d Cir.1982) (judgment order). Each of these cases, however, involved an appeal from an order of a district court.

*termination.*" 1976 U.S.Code Cong. & Ad. News at 6169 (emphasis supplied).

■ Clearly, Congress intended that review of a magistrate's decision on a nondispositive pretrial matter must, initially, be had in the district court.[9] Significantly, when Congress has intended that certain decisions of a magistrate be directly appealable to a circuit court, it has expressly said so.[10] In conclusion, although a magistrate's determination of a nondispositive pretrial matter is "final" if not reviewed by a district judge,. we hold that direct appeal to this court will not lie from such a decision.

■ In the case at bar, Siers did not timely request reconsideration of the magistrate's order, and the district court did not rehear the matter *sua sponte.* Without a district court order showing review of the magistrate's decision, we have no jurisdiction to hear this appeal. We recognize, nevertheless, that pro se litigants such as Siers are not always familiar with court procedures, particularly where, as here, Siers argued for appointment of counsel precisely because he was "generally ignorant about legal procedures" (Br. at 5). To protect pro se litigants under these circum-

stances, the better practice for district courts to follow would be for the magistrate to inform the pro se litigant that, if he wishes to appeal a pretrial decision, he must seek review by the district court by filing an application within 10 days of the date of the magistrate's order with the Clerk of the district court and that failure to do so will waive the right to appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

### III.

Because the magistrate did not advise Siers, a pro se party, of the rule and time limit governing district court review, as suggested in *Walters, supra,* and the record does not show that Siers was aware of this procedure,[11] the appeal will be dismissed without prejudice to Siers' right to renew his application to the magistrate for appointment of counsel.[12]

---

**9.** District court review of a magistrate's determination of a nondispositive pretrial matter is not a meaningless exercise. As the Second Circuit aptly explained in *Sick v. Buffalo, N.Y.,* 574 F.2d 689, 692–93 (2d Cir.1978),

"... the procedure comports with the fundamental congressional policy underlying the Magistrates Act—to aid the courts in their ultimate decisionmaking function. Subjecting the acts of magistrates ... to district court scrutiny also avoids possible constitutional infirmities. In addition, such review permits correction of possible error at the earliest time.... [A]n incorrect ruling of law by the magistrate ... can be rectified by ordering a new trial. Finally, not only will review at the district court level often save parties the expense and difficulty of appeal, but it will also give the appellate court the benefit of the district court's reasoned consideration."
(Footnotes omitted.)

**10.** *See, for example,* 28 U.S.C. § 636(c)(1) & (3), which provide that:

"(1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any

or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves....

\* \* \* \* \* \*

"(3) Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate in the same manner as an appeal from any other judgment of the district court."

**11.** To avoid any possibility that a pro se party is unaware of the ten-day time limit, magistrates will probably find that providing this information to pro se litigants expressly in all cases will be the better practice.

**12.** Thereafter, if the magistrate again denies his request, Siers may appeal to the district court, whose order will either reverse the magistrate's ruling and thereby provide the requested relief or affirm the magistrate's ruling and thereby result in a final order of the district court within the meaning of 28 U.S.C. § 1291.