

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2005

# Allah v. Blaine

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4062

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Allah v. Blaine" (2005). *2005 Decisions.* Paper 73.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/73

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**UNREPORTED- NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-4062
_____

MICHAEL MALIK ALLAH,

Appellant

v.

CONNER BLAINE; ROBERT S. BITNER; DAN DAVIS; SHARON D'ELETTO;
BEN E. ANSELL; KERRI CROSS; SHARON A. SEBEK; KENT WARMAN;
JAMES F. HASSETT; THOMAS JACKSON; MICHAEL BRUNO;
PETER VIDONISH; MARISA KELLY; JEAN MEARS; DENNIS LANTZ;
JAMES CASNER; J. A. MARTIN; CAPT. COLEMAN; C/O ARMSTRONG;
LT. FISHER; GEORGE MONECK
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 01-cv-02360)
District Judge: Honorable Robert J. Cindrich
_____

Submitted Under Third Circuit LAR 34.1(a)
January 5, 2005

Before: ROTH, MCKEE AND CHERTOFF*, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: December 21, 2005)

_____

*This case was submitted to the panel of Judges Roth and McKee, and Chertoff. Judge Chertoff resigned after submission, but before the filing of the opinion. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

———————————————

OPINION

———————————————

PER CURIAM

*Pro se* appellant Michael Malik Allah appeals the District Court's order granting summary judgment against him in his civil rights action. We will vacate the District Court's judgment.

Allah is a prisoner incarcerated at SCI-Greene, Waynesburg, Pennsylvania. In 2001, he filed a complaint under 42 U.S.C. § 1983, alleging civil rights violations by the prison officers and employees named as defendants. Allah claimed the denial of his right to practice his religion, denial of access to a law library or legal assistance, denial of procedural due process in administrative proceedings, deprivation of personal property without due process, and retaliation for exercising his rights to practice his religion and to seek redress in the courts. The defendants filed a motion to dismiss for failure to state a claim. Adopting the Magistrate Judge's report and recommendation, the District Court granted the defendants' motion and dismissed the case. Allah appealed. This Court remanded the case for consideration of Allah's allegations regarding deprivation of his right to practice his religion (as the District Court had not addressed those allegations), and affirmed the matter in other respects. Allah v. Blaine, C.A. No. 02-3329 (3d Cir. April 30, 2003).

2

On remand, the District Court ordered the defendants to file a brief addressing Allah's remaining claim, and ordered that Allah file a response thereafter. The defendants then asserted for the first time that Allah's suit was barred under section 1997e(a) because he had not first exhausted administrative remedies on his claims. The defendants also asserted that summary judgment was appropriate on the merits of the claims. Allah filed a motion for leave to file a supplemental complaint, a motion to deny or stay consideration of the summary judgment motion until after discovery, a motion for the appointment of counsel, and a motion to strike the defendants' brief in support of their summary judgment motion. The Magistrate Judge denied all of these motions. The Magistrate Judge issued a supplemental report and recommendation that the defendants' motion for summary judgment be granted on the basis of Allah's failure to exhaust administrative remedies. Allah filed objections to the report and recommendation. The District Court adopted the report and recommendation and wrote a separate order granting the defendants' motion for summary judgment, acknowledging that Allah's claims raise "constitutional issues of the most serious and fundamental kind," but that the court could not reach the merits of the claims due to the failure to exhaust administrative remedies. Allah timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001).

Allah argues that he sufficiently exhausted his administrative remedies or that he

3

was not required to do so.  See Appellant's Brief at 8-10.  We liberally construe his brief to include the preliminary argument that the defendants waived any reliance on nonexhaustion.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  In a case decided before the defendants filed their initial response to Allah's complaint, we held that section 1997e(a) provides "an affirmative defense to be pleaded by the defendant."  Ray, 285 F.3d at 295.  Section 1997e(a)'s exhaustion requirement is not jurisdictional, and nonjurisdictional bars to suit are typically subject to equitable modifications, including waiver.  Ray, 285 F.3d at 292, 295.  To preserve the defense, so as to avoid prejudice to the plaintiff and to conserve judicial resources, a defendant must raise a nonjurisdictional defense early in litigation.  Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002); Bradford-White Corp. v. Ernst & Whinney, 872 F.2d 1153, 1160-61 (3d Cir. 1989).

In this case, the defendants did not timely press the section 1997e(a) defense in an answer filed in immediate response to Allah's complaint.  Indeed, they did not raise the defense of nonexhaustion until after the District Court expended considerable resources adjudicating the merits of several of Allah's claims on the defendants' motion to dismiss, and after this Court also had expended its resources to adjudicate Allah's first appeal.  Given these facts, we conclude that the defendants waived the section 1997e(a) defense, and the District Court erred in entering judgment in favor of the defendants on the basis of section 1997e(a).[1]

_____

[1] In their brief, the appellees argue that the District Court found that Allah failed to exhaust his administrative remedies before bringing his civil rights action, based on the

4

Allah also seeks to appeal the Magistrate Judge's orders denying his motion for leave to file a supplemental complaint, motion to deny or stay the defendants' motion for summary judgment, motion for the appointment of counsel, and motion to strike the defendants' pleading. The District Court docket entries do not reflect that Allah requested District Court review, nor does the record show that the District Court performed any review of those orders. The appellees contend that those orders are not appealable to this Court because the orders were not first reviewed by a district judge. Appellees' Br. at 10-11 n.5 (citing, e.g., Siers v. Morrash, 700 F.2d 113, 114-15 (3d Cir. 1983)). However, we observe that Allah's document containing his objections to the Magistrate Judge's supplemental report and recommendation also appears to contain a request for District Court review of the motions denied by the Magistrate Judge. As we are remanding this matter, we will leave for the District Court the question whether Allah's document adequately seeks review of the Magistrate Judge's orders.

---

"uncontested affidavit" submitted in support of the motion for summary judgment. We observe that, notwithstanding the District Court's finding, it appears from the record that Allah promptly attempted to respond by filing a motion to stay the summary judgment proceedings, citing Rule 56(f) of the Federal Rules of Civil Procedure. The Magistrate Judge denied Allah's motion, instead permitting Allah to file his objections to the report and recommendation filed that day. Yet in the report and recommendation, the Magistrate Judge found that Allah failed to respond to the summary judgment motion "despite being provided with opportunity to do so." (Report and Recommendation at 5.) Apparently following the Magistrate Judge's direction, Allah filed objections to the report and recommendation by arguing the denial of his motion to stay, noting his intent to contest the motion for summary judgment.

We will vacate the District Court's judgment and remand for further proceedings consistent with this opinion. Allah's motions to supplement the District Court record and to file a supplemental appendix are denied.