BLD-199                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1453 / 11-1454
_____

CHARLES E. ALBERT,
                                        Appellant

v.

JOHN YOST, WARDEN; JEFFREY TRIBATH, MEDICAL DIRECTOR;
ROBIN GOLDEN, P.A.; D. SCOTT DODRILL, B.O.P. REGIONAL DIRECTOR;
HARRELL WATTS, B.O.P. CENTRAL DIRECTOR; UNIDENTIFIED URC
MEMBERS; DAVID MAFFAT, FORMER WARDEN, FCI LORETTO;
DR. JAMES LEONARD, FORMER PHYSICIAN, FCI LORETTO;
US MEDICAL RECORDS; HARLEY G. LAPPIN, DIRECTOR, U.S. BUREAU
OF PRISONS; THE UNITED STATES BUREAU OF PRISONS;
URC COMMITTEE, U.S. BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 09-cv-00116)
District Judge:  Honorable Kim R. Gibson
_____

C.A. No. 11-1453

Submitted by the Clerk for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
_____

C.A. No. 11-1454

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: June 14, 2011)
_____

OPINION
_____

PER CURIAM

Charles Albert, proceeding pro se, appeals from the District Court's entry of judgment against him.  For the reasons that follow, we will summarily affirm the judgment of the District Court.

Albert entered the Federal Correctional Institution in Loretto, Pennsylvania ("FCI Loretto") in May 2006.  He arrived at the facility with a number of serious medical ailments: (1) a history of epilepsy; (2) non-insulin dependent diabetes mellitus; (3) disc herniation surgery on April 26, 2006; (4) history of head trauma with loss of consciousness causing seizures; and (5) cardiac catheterization in April 2006.  He is also allergic to a number of antibiotics.

In May 2009, Albert initiated the underlying action in the United States District Court for the Western District of Pennsylvania pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80.  He claimed that upon arrival at FCI

2

Loretto, Physician Assistant ("P.A.") Robin Golden and Health Services Administrator Jeffrey Trimbath placed him on a different pain medication than he had previously been prescribed by his private physicians and neurosurgeons without consulting them, and that his walker was taken away and he was not provided with a replacement. He also alleged that P.A. Golden prescribed him an anti-inflammatory drug, Naproxen with Sodium, which was "an irresponsible, inappropriate choice" in light of his medical history, and which caused him to suffer lightheadedness, bleeding, shortness of breath, numbness and pain in the left arm, and severe chest pain. He complained that he was placed on acetaminophen and capsaicin cream, which were ineffective in treating his pain. He asserted that Trimbath told him that he was complaining too much and that all of his future medical requests would be summarily rejected. Based on these incidents, he maintained that these defendants, along with various prison administrators, Bureau of Prisons officials, and other employees, violated his rights under the Fifth, Eighth, and Fourteenth Amendments. He sought an injunction compelling that he be seen by an outside specialist and prescribed the medication he was taking prior to entering FCI Loretto, that he be reassigned to a new P.A., and that he continue to be housed at FCI Loretto so that he could remain close to his family. He also sought significant compensatory and punitive damages.

Appellees moved to dismiss and, in the alternative, for summary judgment. They argued, among other things, that only one of Albert's claims -- that he was not prescribed the pain medication of his choosing or referred to an outside specialist -- was exhausted,

3

and that this exhausted claim did not rise to the level of deliberate indifference to a serious medical need. The District Court provided the parties with notice that it intended to treat Appellees' motion as one for summary judgment and instructed Albert of the requirements for opposing such a motion under Federal Rule of Civil Procedure 56(c) and the accompanying Local Rule.

Albert opposed the motion, arguing that he had exhausted all claims "reasonably capable of administrative exhaustion." He maintained that he had filed a "sensitive" BP-10 to the Regional Office regarding Trimbath's alleged intimidation and harassment, but never received a response. He further argued that his complaint sufficiently demonstrated that the medical defendants had been deliberately indifferent to his serious medical needs by taking his walker without providing him with a replacement, failing to change his medication despite his complaints that the medication he was on was not relieving his pain, and refusing to honor his request to see an outside specialist. Albert cross-moved for summary judgment.

Magistrate Judge Amy Reynolds Hay was originally assigned to this case. After her passing, it was reassigned to Magistrate Judge Keith A. Pesto, who ordered the parties to file supplemental briefs on the issue of whether there was sufficient expert witness testimony in the record on the issue of deliberate indifference. Both parties agreed there was no such evidence. The Magistrate Judge held that Albert was required to adduce medical expert evidence to prove that he had suffered harm as a result of any of the medical defendants' conduct. The Court explained, "[a]ssuming the existence of the

unabated crushing chest pain and shortness of breath plaintiff says in his pleadings he has suffered from, for the last two and a half years, without medical attention, the causation of that injury is not obvious at all. Plaintiff now says that the cause was the naproxen sodium P.A. Golden prescribed." (Mag. J. Op., 9.) Due to the lack of expert testimony on this issue, the Magistrate Judge concluded that Albert had not proved the existence of any material facts, and recommended that judgment be entered in favor of Appellees. In making this recommendation, the Magistrate Judge did not reach Appellees' exhaustion, statute of limitations, or other defenses.

Albert objected to the Report & Recommendation and, in his objections, requested the appointment of counsel or an expert witness, or in the alternative, an extension of time in which to find an expert witness. The Magistrate Judge denied that motion as well, concluding that Albert's only goal in seeking the appointment of counsel is "to attempt to find by indirect means some expert testimony to support [his] claim." Over Albert's objections, the District Court adopted the Magistrate Judge's Report & Recommendation as the opinion of the Court. Albert filed separate notices of appeal from each decision. The appeal from the denial of his motion for the appointment of counsel and an expert witness was docketed at C.A. No. 11-1453. The appeal from the entry of summary judgment against him was docketed at C.A. No. 11-1454. Appellees have filed a motion for summary action in C.A. No. 11-1454 which Albert opposes.

We have jurisdiction over these appeals pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's entry of summary judgment, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the non-moving party. See Ray v. Twp. of Warren, 626 F.3d 170, 173 (3d Cir. 2010). We may affirm a district court's grant of summary judgment based on any ground that appears in the record. See Hedges v. Musco, 204 F.3d 109, 116 (3d Cir. 2000).

While we disagree with part of the District Court's analysis, we will nonetheless summarily affirm its judgment on alternative grounds. The District Court focused on a claim Albert did not exhaust. The PLRA requires exhaustion. See 42 U.S.C. § 1997e; Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000) (requiring exhaustion of all available administrative remedies). Furthermore, the Court seems to have imported state law regarding proof of negligence or medical malpractice into a federal civil rights action. See Geibel v. United States, 667 F. Supp. 215, 219 (W.D. Pa. 1987) (discussing lack of expert evidence submitted to prove claim under FTCA, applying Pennsylvania standard for medical malpractice); Festa v. Greenberg, 511 A.2d 1371, 1376 (Pa. Super. Ct. 1986)

_____

[1] As noted, C.A. No. 11-1453 is an appeal to this Court from an order of the Magistrate Judge denying Albert's motion for the appointment of counsel or an expert witness. An order of a Magistrate Judge which has not been appealed to the District Court generally is not immediately appealable to this Court. See Siers v. Morrash, 700 F.2d 113, 116 (3d Cir. 1983). In this case, however, we conclude that jurisdiction is proper, as Appellant presented his request for the appointment of counsel or an expert witness to the District Court in the first instance by including it in his objections to the Magistrate Judge's Report & Recommendation. As it was so presented, we deem the motion implicitly denied by the District Court and will consider it to be properly before us at this time.

(requiring expert testimony in informed consent medical malpractice action to establish existence of medically technical risks of which average juror has no knowledge); Brannan v. Lankenau Hosp., 417 A.2d 196, 201 (Pa. 1980) (holding that expert testimony must be introduced in medical malpractice actions to establish negligence). As we have repeatedly held, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 764 (3d Cir. 1979); see also White v. Napoleon, 897 F.2d 103, (3d Cir. 1990) ("If a plaintiff's disagreement with a doctor's professional judgment does not state a violation of the Eighth Amendment, then certainly no claim is stated when a *doctor* disagrees with the professional judgment of another doctor."). The Magistrate Judge also relied on Boring v. Kozakiewicz, 833 F. 2d 468 (3d Cir. 1987), in which this Court held that expert testimony could be used in an Eighth or Fourteenth Amendment denial of medical care claim to prove that a medical need was serious, in a situation where the seriousness of an illness or injury would not be apparent to a lay person. See id. at 473. However, we have also held that a medical need will be considered serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). As Appellees' filings

Accordingly, we hereby consolidate C.A. No. 11-1453 and C.A. No. 11-1454 for disposition.

7

establish, Albert underwent disc herniation surgery immediately before entering the prison, and had been "diagnosed with significant degenerative changes of the spine which cannot be reversed." At no time did Appellees assert that Albert did not suffer from a serious medical condition. This question was not in dispute for the purposes of Appellees' motion for summary judgment. Rather, the question before the District Court was whether Appellees were deliberately indifferent to Albert's condition. Our review of the record indicates that they were not.

It is undisputed that Albert properly exhausted only one of his claims-- that Appellees Golden and Trimbath failed to change his prescription and failed to refer him for an outside consultation.[2] With respect to this one claim, Albert does not demonstrate

---

[2] Specifically, Albert's one fully exhausted claim alleged:

> I had back surgery before coming to F.C.I. Loretto-Low. I was on Acetaminophen 325 mg. to help alleviate my back pain. Recently I've gone to sick call three times for a stronger prescription. At night the back pain is so intense that I am unable to sleep and I must sit up in bed. I'm unable to take ibuprofen because of stomach problems, that is why Golden took me off the piroxixan 20 mg. It is urgent that I receive something stronger and much more effective for my back pain. My situation cannot be allowed to wait day after day. Please give this your utmost attention. I have already seen Dr. Leonard MD on September 25, 2006. I am not satisfied. He is more interested in my nutrition and diabetes than he is concerning the pain and suffering in my back. He has put me on capsaicn [sic] 60 mg. 0.025% cream. This is used to treat pain caused by arthritis, shingles, or tingling in arms and legs caused by diabetes. I would like to be checked out by a surgeon that deals primarily with neurosurgery or orthopedics, that can suggest proper medical procedures and medicine.

that these Appellees acted with deliberate indifference to a serious risk to his health.[3]  See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (holding that, to state a claim for an Eighth Amendment denial of medical care, a plaintiff must show "(1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious").  Albert identifies himself as a chronic care patient with a number of drug allergies.  His voluminous medical records clearly reflect that Appellees attempted to treat him within these parameters.  While Albert complains that he was not permitted to see an outside specialist, there is no indication that any such appointment would have aided in his pain management.  Albert clearly suffers from a number of physical ailments and we understand that he is in great discomfort and is unhappy with the medical care he has received.  Based on the record before us, however, there is no basis on which to infer that any of these Appellees consciously disregarded a serious risk to Albert's health or prevented him from receiving necessary medical treatment.  To the extent Appellant also alleged that Appellees' conduct violated his rights to substantive due process, we agree that Albert does not allege any conduct which "shocks the conscience."  Miller v. City of Philadelphia, 174 F.3d 368, 375 (3d Cir. 1999).

Finally, aside from attacking their responses to his grievances, Albert does not

---

[3] Albert asserts that he filed a confidential grievance regarding Trimbath's conduct and never received a response, and that this claim should therefore be deemed exhausted as well.  However, he presents no evidence to overcome Appellees' contention that his confidential grievance was refused and he was told to follow the normal grievance procedure.  Accordingly, we will address only the one claim that has been properly exhausted.

allege any personal involvement on the parts of any of the other Appellees in the provision of his medical care. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (explaining that in a § 1983 or Bivens action, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). Absent circumstances not present here, a prison administrator who delegates medical care decisions to medical professionals does not have the requisite subjective intent to harm the plaintiff or consciousness of a risk of serious harm. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Accordingly, we agree that entry of summary judgment in favor of these Appellees was proper as well. We also agree that Albert failed to state a claim against the URC Committee or the Bureau of Prisons as entities. A Bivens claim can be maintained only against individual federal officers, not against a federal entity. See Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994).

Based on the foregoing, and having consolidated the two appeals before us, we will affirm the judgment of the District Court entering summary judgment in favor of Appellees and denying Albert's motion for summary judgment. We conclude that the District Court did not abuse its discretion in denying Albert's motion for the appointment of counsel or for an expert witness. Appellees' motion for summary action, filed in C.A. No. 11-1454 is granted. Appellant's motion to dismiss Appellees' motion is denied.