**DLD-232**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2707
_____

IN RE:  IRIS L. CARTER,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3:09-cv-06124)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 8, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed: July 15, 2011)
_____

OPINION
_____

PER CURIAM

In December 2009, Iris Carter filed a complaint against various officials in the

New Jersey Department of Children and Families in the District Court alleging

employment discrimination under Title VII of the Civil Rights Act.  See 42 U.S.C.

§ 2000e-2(a)(1).  In January 2010, default judgments were entered on the docket against

the defendants for their failure to plead.  The defendants moved to set aside the default

judgments, and in March 2010 the Magistrate Judge granted the defendants' motion.

Carter filed a motion for reconsideration of that decision, which the Magistrate Judge denied.  In June 2010, Carter made a filing that the District Court construed as an appeal from the Magistrate Judge's denial of Carter's motion for reconsideration.  The District Court denied the appeal.  After various failed attempts to set a pretrial conference to discuss a joint discovery plan, the Magistrate Judge recommended dismissing Carter's complaint.  In April 2011, the District Court adopted the Magistrate Judge's recommendation and dismissed the case.  On June 24, 2011, Carter filed this pro se mandamus petition pursuant to 28 U.S.C. § 1651, seeking an order to compel the District Court to reinstate the default judgments against the defendants.[1]

Mandamus is a drastic remedy available in only the most extraordinary circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'"  Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976) (citation omitted).  A petitioner must show "no other adequate means to attain the desired relief, and . . . [a] right to the writ [that] is clear and indisputable.'"  See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted).

---

[1] Carter first filed the mandamus petition in the United States Court of Appeals for the Federal Circuit, which transferred the petition to this Court pursuant to 28 U.S.C. § 1631.

Carter has not demonstrated that she has a clear right to the writ. The District Court has already determined that the default judgments should be set aside, and accordingly there is no pending decision for which mandamus would be appropriate. If Carter had wished to challenge the Magistrate Judge's order setting aside of the default judgments, she should have appealed that decision to the District Court. See Siers v. Morrash, 700 F.2d 113, 114-15 (3d Cir. 1983) ("Congress intended that review of a magistrate's decision on a nondispositive pretrial matter must, initially, be had in the district court.").

Carter did, however, properly appeal from the Magistrate Judge's denial of her motion for reconsideration on the default judgment issue. The District Court denied that appeal. Carter should have challenged that District Court decision on appeal to this Court. See 28 U.S.C. § 1291; Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 375 (1981) ("[A] party must ordinarily raise all claims of error in a single appeal following final judgment on the merits . . . ."). Mandamus, however, may not be used as a substitute for an appeal. See In re Pressman-Gutman Co., 459 F.3d 383, 398 (3d Cir. 2006).

Based on the above, Carter has not demonstrated a clear right to mandamus. Accordingly, we will deny her mandamus petition.

3