**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2025
_____

M. ROBERT ULLMAN,
                                        Appellant
v.

SUPERIOR COURT OF PENNSYLVANIA;  PENNSYLVANIA SUPREME
COURT; PENNSYLVANIA SUPREME COURT DISCIPLINARY BOARD ; JOSEPH
H. JONES, ; WILLIAMSON FRIEDBERG & JONES, ; DISTRICT ATTORNEY OF
SCHUYLKILL COUNTY;  SCHUYLKILL COUNTY COURT OF COMMON PLEAS,
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-13-cv-05505)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2014
Before:  FUENTES, SHWARTZ and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 3, 2015 )
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

M. Robert Ullman, proceeding pro se, appeals from an order of the United States District Court for the Eastern District of Pennsylvania awarding attorneys' fees to Joseph Jones and his law firm, Williamson, Friedberg & Jones. We will affirm.

In September 2013, Ullman filed a complaint in the United States District Court for the Eastern District of Pennsylvania arising from a dispute with Jones, his former attorney. This dispute has been the subject of numerous, unsuccessful state and federal actions filed by Ullman. See In re Canoe Mfg., Co., Inc., 466 B.R. 251, 253-54 (Bankr. E.D. Pa. 2012) (summarizing history of Ullman's lawsuits). In the present complaint, Ullman alleged that Jones and Jones' law firm ("the attorney defendants") conspired with the District Attorney of Schuylkill County and the Pennsylvania courts to violate his due process and equal protection rights. The defendants filed motions to dismiss. The District Court granted those motions, holding, with respect to the attorney defendants, that Ullman's "bald legal conclusions of concerted action and conspiracy [against the attorney defendants] fail to state a claim upon which relief can be granted . . . ." Ullman filed a motion for reconsideration, which the District Court denied. Ullman appealed, and we summarily affirmed. See C.A. No. 13-4558.

Meanwhile, the attorney defendants filed a motion seeking attorneys' fees pursuant to 42 U.S.C. § 1988(b). Ullman filed several responses in opposition, arguing, inter alia, that he lacks assets and is elderly. A Magistrate Judge determined that an award of attorneys' fees was appropriate, that the full lodestar amount of $23,885.20 was reasonable, and that there was no basis for adjusting that amount. Accordingly, on March

2

26, 2014, the Magistrate Judge recommended that the motion for attorneys' fees be granted. Ullman did not file objections. By order entered April 17, 2014, the District Court approved and adopted the Magistrate Judge's recommendation. See Ullman v. Super. Ct. of Pa., 2014 WL 1515616, at *1 (E.D. Pa. 2014). Ullman appealed. Thereafter, on May 29, 2014, the District Court entered judgment in favor of the attorney defendants in the amount of $23,885.20.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] Because Ullman did not file timely objections to the Magistrate Judge's report, we review the District Court's decision for plain error. See Nara v. Frank, 488 F.3d 187, 196 (3d Cir. 2007). Under that standard, we reverse only if the court below made an error affecting substantial rights that

---

[1] The Appellees argue that we lack jurisdiction because Ullman's notice of appeal indicates that he seeks review of the Magistrate Judge's Report and Recommendation. See Siers v. Morrash, 700 F.2d 113, 115 (3d Cir. 1983) (holding that a Magistrate Judge's Report and Recommendation is not a final order because the District Court is free to reject or modify the findings and recommendations of the Magistrate Judge). We disagree. The notice of appeal was filed six days after the District Court adopted the Magistrate Judge's Report and Recommendation, see Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal in a civil case in which the United States is not a party must be filed within 30 days of the date of entry of the judgment or order appealed), and asks us to "overrule the District Court order that awarded legal fees to" the attorney defendants. See Smith v. Barry, 502 U.S. 244 (1992) ("Courts will liberally construe the requirements of [Federal] Rule [of Appellate Procedure] 3;" and "[i]f a document, filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."). In addition, Ullman's premature notice of appeal, filed before the District Court entered judgment under Federal Rule of Civil Procedure 58, does not deprive us of jurisdiction. Cf. Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983).

3

seriously affected the fairness, integrity or public reputation of judicial proceedings. Id. at 197 (citations, quotations omitted).

A party who prevails in a § 1983 action is entitled to an award of reasonable attorneys' fees under 42 U.S.C. § 1988(b), but the standard for awarding attorneys' fees to a prevailing defendant is more stringent than that for awarding fees to a prevailing plaintiff. See Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J., 297 F.3d 253, 265 n.5 (3d Cir. 2002); see also Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). A prevailing defendant may be awarded attorneys' fees under 1988(b) only "'upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation.'" Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 158 (3d Cir. 2001) (quoting Christiansburg Garment Co., 434 U.S. at 421). If the District Court finds that attorneys' fees are warranted, it must calculate the amount of the award beginning with the lodestar, which is a reasonable hourly rate multiplied by a reasonable number of hours expended. See Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001). We have identified several factors relevant to determining whether an award of attorneys' fees is appropriate, including: whether the plaintiff established a prima facie case; whether the defendant offered to settle; whether the trial court dismissed the case prior to trial; whether the case involved an issue of first impression; whether the controversy was based sufficiently upon a real threat of injury to the plaintiff; and whether the trial court found that the suit was frivolous. Barnes Found., 242 F.3d at 158. Although the lodestar

4

amount "is a presumptively reasonable fee, it may still require subsequent adjustment."

United Auto. Workers Local 259 v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007).

Here, the Magistrate Judge properly found that the relevant factors weighed in favor of awarding attorneys' fees to the attorney defendants. The facts alleged in Ullman's complaint were insufficient to allege a plausible conspiracy. Ullman did not show a real threat of injury, and the case did not involve any issues of first impression. The Magistrate Judge also properly calculated the lodestar amount using the hourly rates charged and the amount of time expended on the case, both of which were reasonable. See Ullman, 2014 WL 1515616, at *4-5 (indicating that lodestar amount was based on itemized records and affidavits which detailed copying costs, paralegals' time and hourly rates, attorneys' hourly rates and years of experience, and the amount of time spent on particular tasks). Finally, we agree that Ullman did not satisfy his burden of demonstrating that the lodestar amount should be adjusted downward. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) ("The party seeking adjustment has the burden of proving that an adjustment is necessary."); see also Christiansburg, 434 U.S. at 420 (recognizing that an award to a prevailing defendant is intended to deter unfounded lawsuits).

For the foregoing reasons, we will affirm the judgment of the District Court. [2]

---

[2] We have considered all of Ullman's submissions, including his Motion titled "Request for Judicial Inquiry" and his "request to submit primary conclusive evidence," which we construe as documents in support of his appeal. The motion filed by the Pennsylvania Supreme Court for leave to be excused from filing a brief is granted. The attorney defendants' motion to enjoin Ullman from filing further documents is denied. Ullman's

motion to strike and dismiss all responses and motions of Appellees, with a request for sanctions, is denied.

6