**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 22-2941
_____

JAMOR J. DEMBY,
                                        Appellant

v.

CITY OF CAMDEN; COUNTY OF CAMDEN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-20-cv-13893)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2023
Before:  HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: February 22, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jamor Demby, proceeding pro se and in forma pauperis, appeals from the District Court's order granting defendant's motion to dismiss.  We will summarily affirm.

Demby filed suit under 42 U.S.C. § 1983 against the City of Camden and the County of Camden in 2020.  Dkt. No. 9.  In his amended complaint, which he served only on the City of Camden,[1] he sought $10,000,000 in damages for an alleged violation of the Fourteenth Amendment to the U.S. Constitution.  See Dkt. Nos. 9 at 2-3 & 29.  Specifically, Demby claimed that the City violated his rights by instituting a custom, practice, or procedure that, in addition to the City's negligence and failure to protect him, caused him to be shot in 2004.  Dkt. No. 9 at 2.

The City of Camden moved to dismiss Demby's complaint for failure to state a claim and as barred by the statute of limitations.  Dkt. No. 31 at 1, 4.  Demby opposed the motion, arguing that he stated a claim and that he was entitled to equitable tolling because he suffered a trauma from the shooting and he lacked the mental capacity to file, noting in support of the latter argument that, in 2006, his motion to represent himself in his

---

[1] Demby filed a motion requesting that the District Court direct the United States Marshal to serve process on the County of Camden.  Dkt. No. 26.  A Magistrate Judge, to whom the motion was referred, entered an order denying Demby's motion because he was not proceeding in forma pauperis in the District Court and had not otherwise demonstrated that service by the Marshals was necessary.  Dkt. No. 27; see Fed. R. Civ. P. 4(c)(3); Lovelace v. Acme Markets, Inc., 820 F.2d 81, 83-84 & n.3 (3d Cir. 1987).  Demby did not appeal this ruling to the District Court, so we do not review it.  See Siers v. Morrash, 700 F.2d 113, 116 (3d Cir. 1983).

criminal trial was denied. Dkt. No. 33 at 4-6. The District Court granted the City of Camden's motion and dismissed Demby's complaint with prejudice. Dkt. Nos. 38 & 39. Demby filed this timely appeal.

We have jurisdiction under 28 U.S.C. § 1291.[2] We exercise plenary review over the order dismissing the complaint for failure to state a claim, see AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir. 2006), including the ruling that the complaint was filed beyond the statute of limitations, see Kach v. Hose, 589 F.3d 626, 633 (3d Cir. 2009). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

The District Court correctly concluded that Demby's claim was barred by the statute of limitations because Demby filed his § 1983 complaint in 2020, more than 14 years after the applicable statute of limitations expired. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (explaining that a § 1983 claim is "governed by the applicable state's statute of limitations for personal injury claims"); N.J. Stat. Ann. § 2A:14-2 (requiring personal-injury claims in New Jersey to be commenced within two years). The limitations period began to run when Demby "knew or should have known of

---

[2] Though the District Court did not address Demby's claim against the County of Camden, because Demby did not serve the County, it is not a party for the purposes of Fed. R. Civ. P. 54(b) and does not affect this Court's jurisdiction. See United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).

3

the injury upon which [the] action is based," <u>Sameric Corp. of Del., Inc. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998), and it is clear from the complaint that Demby knew that he was shot when he suffered injuries to his elbow and hip in 2004.

As the District Court concluded, Demby was not entitled to equitable tolling. Equitable tolling allows plaintiffs to "sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances[,]" including "when the defendant has actively misled the plaintiff; when the plaintiff was 'in some extraordinary way' prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." <u>Seitzinger v. Reading Hosp. and Med. Ctr.</u>, 165 F.3d 236, 240 (3d Cir. 1999) (citations omitted). Even if Demby suffered a trauma in 2004 or was found incompetent to represent himself at his criminal trial in 2006,[3] he failed to establish that inequitable circumstances prevented him from asserting his rights in the many years before the eventual filing of his complaint. <u>See</u> <u>Hedges v. U.S.</u>, 404 F.3d 744, 752-54 (3d Cir. 2005) (declining to equitably toll limitations period because of plaintiff's pro se status and mental incompetence caused by "debilitating depression"). Further, to be afforded equitable tolling, a plaintiff must show that he exercised reasonable diligence in pursuing

---

[3] The reason for the denial of his request to represent himself is unclear, but we assume that this was the reason for the purposes of our analysis.

4

his claim, which Demby has not shown. See New Castle Cty. v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997).

Accordingly, we will affirm the judgment of the District Court.