**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2100
_____

TONY LEE MUTSCHLER,
                                                    Appellant

v.

BRENDA L. TRITT; JOHN E. WETZEL; MR. MILLER,
D.S.F.M; A. KOVLCHIK; MS. STANISHESKI, C.H.C.A;
MR. HAREWOOD, M.D.; MR. MANBECK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-02477)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 28, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: May 29, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tony Mutschler appeals from a judgment against him following a bench trial. We will affirm in part, vacate in part, and remand for further proceedings.

I.

Mutschler filed suit pro se raising claims regarding his treatment while imprisoned at SCI-Frackville, including claims relating to his urinary incontinence. The District Court granted summary judgment for the defendants. We affirmed in part but vacated and remanded on Mutschler's claim that defendants Brenda Tritt and Roy Manbeck violated his Eighth Amendment rights by allowing his urine-soaked diapers to accumulate in his cell and by forcing him to sleep in urine-soaked bedding. See Mutschler v. Tritt, No. 20-2022, 2021 WL 5445810, at *2-3 (3d Cir. Nov. 22, 2021).

On remand, the court denied Mutschler's renewed discovery related motions, which primarily sought video footage of his housing unit and cell. The court also denied his renewed motion for appointment of counsel. The court then held a bench trial at which Mutschler represented himself, testified, and called Tritt and Manbeck as witnesses. Thereafter, the court found not credible Mutschler's testimony[1] that officers regularly let used diapers pile up in his cell until they had to be removed in large bags and once had to remove them with a shovel. The court instead credited Tritt's and Manbeck's testimony that they never saw large amounts of diapers in Mutschler's cell. On the basis of that testimony, the court found that large amounts of used diapers never accumulated

---

[1] Mutschler has not ordered the trial transcript, so our summary of the parties' testimony is based on the District Court's characterization of that testimony, which the parties do not dispute. Defendants argue that Mutschler has forfeited certain issues by failing to order the transcript, but we have a sufficient record to review the issues addressed herein.

in Mutschler's cell.  And on the basis of that and other findings, the court concluded that Tritt and Manbeck did not violate Mutschler's Eighth Amendment rights because (1) the conditions in his cell were not sufficiently serious, and (2) they did not act with deliberate indifference.  Mutschler appeals.  We have jurisdiction under 28 U.S.C. § 1291.

II.

Mutschler's primary arguments are that the District Court erred in failing to resolve the parties' discovery dispute regarding the video footage and in denying counsel. We review both issues for abuse of discretion.  See Crosbie v. Highmark Inc., 47 F.4th 140, 146 (3d Cir. 2022) (discovery); Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993) (counsel).  The court did not abuse its discretion in declining to appoint counsel, and we will affirm to that extent.[2]  But we are constrained to agree that the court should have resolved the substance of Mutschler's request for video footage.  We will vacate and remand for that purpose.

---

[2] A court's discretion to appoint counsel for an indigent plaintiff is guided by the non-exclusive factors outlined in Tabron, 6 F.3d at 155-57.  Among them is "[t]he plaintiff's ability to present his or her case," which is "a significant factor that must be considered[.]"  Id. at 156.  Mutschler's primary argument is that the court erred in requiring him to try his case pro se because he has only a third-grade education. Mutschler does not appear to have raised that precise argument in the District Court.  In any event, a plaintiff's education is but one factor bearing on his ability to present a case. See id.  The District Court, which was familiar with Mutschler after years of litigation, expressly considered his ability to present a case as a whole and expressly weighed that factor along with the other Tabron factors.  In doing so, the court concluded that Mutschler had shown "a clear ability to litigate this case" and that the relevant factors overall did not warrant appointment of counsel.  We cannot say that the court abused its considerable discretion in making that determination.

Mutschler has been requesting video footage of his housing unit and cell for specific dates and times since a discovery motion that he filed in 2015. (ECF No. 41 at 1-2.) Such footage would appear relevant to these claims, and no one has argued otherwise. Instead, defendants argue that Mutschler is not entitled to relief on appeal because he has not shown prejudice. See Crosbie, 47 F.4th at 146. We disagree. Defendants argue that Mutschler has not specified what the video would show, but he has made a sufficient showing on that point.[3] Defendants also assert, as they did in the District Court, that they actually made the video available to Mutschler. But Mutschler vigorously disputed that assertion and continues to do so on appeal. His arguments raise a legitimate issue regarding whether defendants made the video available, much less in a way that would have allowed him to use it.[4]

---

[3] Mutschler argues that the video would have supported his testimony and undermined that of Tritt and Manbeck in specific ways. He argues, for example, that the video would show that: (1) large amounts of diapers accumulated in his cell and that officers "looked the other way" to avoid removing them; (2) officers eventually had to remove them with large bags and a shovel; (3) his cell was specifically targeted for cleaning before an inspection and not as part of a general cleaning as Tritt and Manbeck testified; and (4) Tritt at one point held her hand in front of her face because of the stench emanating from Mutschler's cell. (Appellant's Br., Doc. 20 at 12-15; Appellant's Reply Br., Doc. 27 at 5.) We further note that defendants do not affirmatively argue that the video would not support Mutschler's claims and do not appear to have used the video at trial themselves.

[4] Defendants assert that "they already turned over all video evidence to Mutschler." (Appellees' Br., Doc. 23 at 19.) For support, they cite their response to one of Mutchler's motions in which they asserted that they "have made all of the videos in their possession available for review immediately." (ECF No. 94 at 5.) But Mutschler then asserted in reply that his facility had not received the videos, and he attached some evidentiary support. (ECF No. 101 at 4-5, 8.) And he has since claimed in numerous filings, culminating in his briefs on appeal, that defendants in fact never produced the footage and that he would not have been permitted to possess it in any event. He further argues that prison log books would show that the video was never produced. Defendants have

4

The District Court never addressed the relevance of the video or the dispute about its production. Instead, the court consistently faulted Mutschler for failing to properly raise the issue pro se. But courts "tend to be flexible when applying procedural rules to pro se litigants," and "are especially likely to be flexible when dealing with imprisoned pro se litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). Those principles should have led the court to resolve this discovery dispute on its merits.

Starting with Mutschler's post-remand motions, Mutschler filed a motion for default in which he argued that he never had access to the video as the defendants claimed. (ECF No. 181.) The court deemed that motion withdrawn because Mutschler did not file a brief. (ECF No. 182.) Mutschler then refiled his motion with a brief. (ECF Nos. 184 & 185.) This time, the court denied the motion on the ground that Mutschler could have raised this issue before the discovery deadline expired and that it was not appropriate to do so in a motion for default years thereafter. (ECF No. 187.)

So Mutschler next raised this issue by filing motions to reopen discovery and continue trial in which he recounted his many previous attempts to obtain a ruling on this issue. (ECF Nos. 213 & 214.) The court denied those motions too on the ground that Mutschler had not properly raised this issue before. (ECF No. 215.) In particular, the court faulted Mutschler for (1) failing to file "a single, properly supported motion to compel" before the discovery deadline as the court notified him he could do by order entered April 3, 2018, and (2) raising this issue again more than five years after the

_____

not addressed these arguments.

5

discovery deadline expired. But Mutschler had indeed responded to the April 3 order before the discovery deadline expired with a motion that should have drawn a substantive response from a Magistrate Judge but did not.[5] The court cited the Magistrate Judge's ruling but did not acknowledge that it failed to meet the substance of Mutschler's arguments.[6] And Mutschler was not otherwise dilatory in seeking relief on this issue before or after the discovery deadline expired.[7] Thus, given the importance of the video

---

[5] The April 3 order denied without prejudice eight of Mutschler's discovery related motions and directed the parties to confer on his discovery issues within 30 days. The order further provided that, "[t]hereafter, within fourteen (14) days following the parties' conference, Plaintiff, if he so choses, may file a **single**, properly supported motion to compel with respect to any and all unresolved discovery disputes." (ECF No. 126 at 3) (first emphasis added). About a month later, Mutschler filed a motion for default. (ECF No. 127.) He raised his discovery issues again, but he also argued that defendants had not responded to his request to confer within 30 days as required by the April 3 order. He supported that argument with evidence that prison staff forwarded his request to confer to defendants' counsel. (Id. at 7.) The defendants never responded to that motion, and a Magistrate Judge denied it about eight months later. (ECF No. 137.) In doing so, the Magistrate Judge focused narrowly on Mutschler's request for a default—a case-dispositive request on which the Magistrate Judge might not have had the authority to rule—and held that default was not warranted because "any discovery disputes between the parties appear to reflect good faith disagreements rather than sanctionable misconduct." (Id. at 1.) But the Magistrate Judge did not address the substance of those discovery disputes or even acknowledge Mutschler's argument that the defendant had failed to confer as required by the April 3 order. And the April 3 order, of course, made that very conference a prerequisite to the "single, properly supported motion to compel" that the court later faulted Mutschler for failing to file.

[6] Mutschler never specifically sought District Court review of the Magistrate Judge's ruling, but we do not deem that point dispositive in this context for several reasons, including that the court itself did not fault Mutschler for failing to seek its review, that the Magistrate Judge's order did not advise Mutschler that he could do so, see Siers v. Morrash, 700 F.2d 113, 116 (3d Cir. 1983), that Mutschler was a prisoner proceeding pro se, see Tabron, 6 F.3d at 153 n.2, and that we are reviewing the court's own post-remand orders rather than the Magistrate Judge's order in any event.

[7] In its post-remand orders at ECF Nos. 187 and 215, the court faulted Mutschler for

6

to a claim that we remanded and on which the court scheduled trial, Mutschler's pro se filings should have led the court to resolve this discovery issue on its merits before conducting that trial.

## III.

For these reasons, we will affirm the orders denying appointment of counsel but will vacate the orders denying Mutschler's post-remand discovery related motions at ECF Nos. 184 and 214 and remand for further proceedings on that issue. On remand, the court should resolve the substance of the parties' discovery dispute and conduct such further proceedings as might be warranted thereafter. Although we are affirming the orders denying appointment of counsel, nothing herein prevents the court from revisiting that issue, either on motion by Mutschler or sua sponte, should the court determine in its discretion that circumstances so warrant. See Tabron, 6 F.3d at 156. We express no opinion on that issue.

---

seeking relief years after the discovery deadline expired on June 4, 2018. But Mutschler sought relief before the deadline expired in his motion at ECF No. 127 just discussed, and the Magistrate Judge did not deny it until more than seven months after the deadline expired. By that time, the parties were in the middle of briefing motions for summary judgment on issues unrelated to this discovery. During that process, Mutschler filed two motions for appointment of counsel in which he claimed, inter alia, that he had been confined to the "psych ward" for five months by reason of mental illness. (ECF Nos. 159 & 164.) He also referred to his discovery difficulties in the second of those motions. The court did not address those issues. And after the court later granted summary judgment for all defendants, the case was on appeal for about a year and a half until November 22, 2021. After we remanded, the court promptly referred this matter to a mediator, who reported that mediation proved unsuccessful on June 11, 2022. Mutschler filed his first post-remand discovery motion about two weeks later.