DLD-201                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4520
_____

MARTIN LUTHER ROGERS,
                            Appellant

v.

ROBERT MARETZ; THE NEW JERSEY DEPARTMENT OF CORRECTIONS;
P. CAPPAZOLI; JACK OSZVART; T.M. POWER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:08-cv-03334)
District Judge:  Honorable Jose L. Linares
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2013
Before:  AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: May 14, 2013)
_____

OPINION
_____

PER CURIAM

Martin Luther Rogers, a New Jersey state inmate proceeding pro se, appeals from the

District Court's orders granting Appellees' motions to dismiss, denying his application for

default judgment, and denying his motion for leave to file a third amended complaint.  Because

the appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Rogers' complaint pursuant to 42 U.S.C. § 1983 arises from events that occurred on July 25, 2007, while he was incarcerated at East Jersey State Prison. According to Rogers, he was walking out of the inmate dining room when Maretz, a correctional officer, intentionally injured him by slamming the exit gate door several times against his back. Rogers further alleged that Cappazoli, another officer, failed to protect him from this injury.

Rogers was placed in solitary confinement after being administratively charged with tampering with or blocking any locking device. He pled guilty to the charge at a disciplinary hearing held by Oszvart and was given credit for time served in solitary confinement; however, he alleges that Oszvart violated his due process rights at this hearing by not considering his request for video surveillance evidence. The Appellate Division of the Superior Court of New Jersey (hereinafter, "the Appellate Division") affirmed the adjudication of guilt. See Rogers v. N.J. Dep't of Corr., 2008 WL 4191001 (N.J. Super. Ct. App. Div. Sept. 12, 2008), certification denied, 962 A.2d 529 (Dec. 4, 2008).

The District Court granted Maretz and Cappazoli's motion to dismiss based upon New Jersey's doctrine of issue preclusion. Subsequently, a Magistrate Judge denied Rogers' motion for leave to file a third amended complaint, and the District Court affirmed this denial. The District Court then denied Rogers' application for default judgment against Oszvart. The District Court subsequently granted Oszvart's motion to dismiss, again based upon principles of issue preclusion. This appeal followed.

2

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's dismissal orders. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review for abuse of discretion the denial of Rogers' request for default judgment and the denial of his motion for leave to file a third amended complaint. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); Riley v. Taylor, 62 F.3d 86, 89 (3d Cir. 1995).

III.

The District Court properly granted the defendants' motions to dismiss. "When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment"; when doing so, a federal court "applies the

---

[1] Rogers' notice of appeal explicitly states that he wishes to appeal from the Magistrate Judge's opinion and order denying his motion for leave to file a third amended complaint. Where, as here, the parties have not consented to proceed before a magistrate judge under 28 U.S.C. § 636(c), an appeal from a magistrate judge's order must first be made to the district court. See 28 U.S.C. § 636(b)(1); Siers v. Morrash, 700 F.2d 113, 116 (3d Cir. 1983). As noted in the text, Rogers did appeal the denial to the District Court. Although the District Court's order is not mentioned in the notice of appeal, we "can exercise jurisdiction over [it] if: (1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010) (internal quotation marks omitted). These elements have been met. See Gov't of V.I. v. Mills, 634 F.3d 746, 752 (3d Cir. 2011).

same preclusion rules as would the courts of that state." Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993) (citations omitted). Here, as more fully discussed by the District Court's opinions, New Jersey's principles of issue preclusion controlled. See Del. River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 573 (3d Cir. 2002) (describing New Jersey's five-pronged test for issue preclusion).

In the course of its review of Rogers' disciplinary charge, the Appellate Division explicitly determined that no due process claim had been made out because there was no record that Rogers had even requested the videotape for the disciplinary hearing. Rogers, 2008 WL 4191001, at *2. In any event, Rogers has not demonstrated that his resulting approximate week-long stay in solitary confinement amounted to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Thus, we do not reach his claim that he was denied due process during the disciplinary hearing. See Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002). Also, the determination that Rogers intentionally wedged his body between the exit gate and the door jamb precludes us from agreeing with Rogers that Maretz, Cappazoli, and Oszvart exhibited "deliberate indifference to [his] health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Rogers, 2008 WL 4191001, at *1-2.

The District Court did not abuse its discretion by refusing to enter default judgment against Oszvart. We consider three factors: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." Chamberlain, 210 F.3d at 164. Here, no evidence of bad faith or dilatory motive exists. Oszvart was not served with Rogers' second amended

4

complaint until March 20, 2012, and his motion for an extension of time to answer or otherwise respond was denied as moot in light of Rogers' motion for leave to file a third amended complaint. Furthermore, Oszvart was the only defendant remaining at that time, and, as discussed above, his defense of collateral estoppel was not facially unmeritorious. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Finally, the District Court did not abuse its discretion in denying Rogers' motion for leave to file a third amended complaint. Under Fed. R. Civ. P. 15(a), a district court "should freely give leave [to amend] when justice so requires." "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

Rogers' proposed third amended complaint sought to rejoin Maretz and Cappazoli, add new defendants connected with the July 25, 2007 incident, and new claims based on events that occurred in 2006. As noted by the Magistrate Judge, Rogers' proposed claims regarding incidents from 2006 would not withstand a motion to dismiss, as they are barred by New Jersey's two-year statute of limitations for personal injury claims. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988); see also N.J. Stat. Ann. § 2A:14-2. Furthermore, the principles of issue preclusion we applied here would bar any further claims regarding the July 25, 2007 incident against the proposed defendants. Given all this, the District Court did not abuse its discretion in denying Rogers leave to amend again. See Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001).

IV.

For the foregoing reasons, no substantial question is presented and we will affirm the District Court's judgment.  Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.