**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1811
_____

ANDREW M. PODEMS,
                              Appellant

v.

NEW JERSEY DEPARTMENT OF JUSTICE, Civil Division, Family Part,
Superior Appellate Court, Superior Court; UNION COUNTY CHILD SUPPORT
ENFORCEMENT UNIT; THERESA E. MULLER, Hearing Officer;
JAMES HELY, Hearing Officer; KONSTANTIN FELDMAN, Hearing Officer; LAURA
GENECKI, Hearing Officer; HEARING OFFICERS DOE to be named after discovery
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:21-cv-04398)
District Judge: Honorable Julien X. Neals
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2025
Before:  BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed April 3, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Andrew Podems and Michele Piech married, moved from New Jersey to Alaska, became parents, got divorced, then returned to New Jersey. The divorce spawned lengthy litigation that has included applications for relief related to marital property, custody, parenting time, and child support. See, e.g., Podems v. Piech, No. A-3243-22, 2024 WL 2933354 (N.J. Super. Ct. App. Div. June 11, 2024) (per curiam); Podems v. Podems, No. S-15242, 2014 WL 1421968 (Alaska Apr. 9, 2014) (unpublished summary disposition).

According to Podems, the litigation has not only been expensive, but unfair. Podems alleges that: he is owed more of Piech's retirement-account earnings than has been judicially determined; his requests to modify child support and parenting time have been improperly denied by biased judges; his insurance proceeds from a car accident were improperly levied upon; he was jailed for three days without due process after failing to pay child support; and the New Jersey court system imposes hypertechnical filing requirements and is, in general, rigged against impecunious litigants.

To address those perceived inequities, Podems filed this civil rights action. Podems availed himself of multiple opportunities to try and plead viable claims while proceeding pro se—his two motions requesting pro bono counsel having been denied by the Magistrate Judge assigned to his case. Podems's fourth amended complaint (the FAC) named as defendants the New Jersey Judiciary, the family court's child-support enforcement arm, two judges, and two hearing officers (collectively, the Defendants).

2

The Defendants moved to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Their arguments for dismissal centered on immunity doctrines.

The District Court declined to dismiss the FAC based on Podems's serial non-compliance with Federal Rule of Civil Procedure 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."), in light of Podems's pro se status.[1] The District Court instead entered an order granting the Defendants' motion and dismissing the FAC under Rule 12(b)(1).

In its accompanying opinion, the District Court determined that Podems's claims failed to pierce the Defendants' sovereign immunity under the Eleventh Amendment. The District Court also determined that the non-entity defendants were entitled to either judicial or quasi-judicial immunity. The District Court determined further that Podems had not plausibly pleaded an exception to Eleventh Amendment immunity under Ex Parte Young, 209 U.S. 123 (1908), "under which individual state officers can be sued in their individual capacities for prospective injunctive and declaratory relief to end continuing or ongoing violations of federal law," MCI Telecomm. Corp. v. Bell Atl. Pennsylvania, 271 F.3d 491, 506 (3d Cir. 2001). Finally, to the extent that Podems meant to raise any claims other than those vulnerable to the Defendants' immunity defenses, the District Court determined that subject matter jurisdiction over such claims was lacking.

---

[1] The District Court's choice was consistent with the notion that "we tend to be flexible when applying procedural rules to pro se litigants, especially when interpreting their pleadings." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013).

Still pro se, Podems timely appealed the District Court's judgment. We have jurisdiction under 28 U.S.C. § 1291.

Podems's central argument in his opening brief is that the Magistrate Judge erred in denying the two counsel motions.[2] The Defendants (now the Appellees) "take no position on Podems' entitlement to court-appointed counsel and leave the disposition of this argument to the discretion of this Court." Appellees' Br. 3. Put another way, they have waived any argument related to the denial-of-counsel issue.

But that is not the only 'waiver' with which we are confronted. The Magistrate Judge's statutory authority to rule on Podems's counsel motions derived from 28 U.S.C. § 636(b)(1)(A), and we have held that "parties who wish to preserve their objections to a magistrate's order entered pursuant to 28 U.S.C. § 636(b)(1)(A) must [first timely] file their objections in the district court[.]" United Steelworkers of Am., AFL-CIO v. New Jersey Zinc Co., 828 F.2d 1001, 1007–08 (3d Cir. 1987). The District Court's local rules

---

[2] Podems has filed a motion seeking both to expand the record on appeal, and to add a handful of pages of argument to his opening brief. See Doc. 15. That motion is granted in part, and denied in part. The motion is granted as to argument-expansion, and we have considered those additional pages as if they were included in the opening brief. Nowhere in the additional pages, however, does Podems present a viable basis to disturb the judgment below. As for record-expansion, because we may take judicial notice of court decisions, like the ones cited at the beginning of this opinion, see Orabi v. Att'y Gen., 738 F.3d 535, 537 n.1 (3d Cir. 2014); In re Indian Palms Assocs., Ltd., 61 F.3d 197, 205–06 (3d Cir. 1995), Podems's motion is, in part, unnecessary. In any event, Podems's motion, insofar as it seeks to expand the record, is denied because he does not satisfy the standard under Federal Rule of Appellate Procedure 10(e). For that same reason, Podems's second motion to expand the record, see Doc. 27, is also denied.

provide that an appeal of a Magistrate Judge's ruling on a non-dispositive pretrial motion must (in the absence of a timely motion for re-argument) be "filed within 14 days after the party has been served with a copy of the Magistrate Judge's order." D.N.J. Local Civ. R. 72.1(c)(1)(A); see also D.N.J. Local Civ. R. 72.1(a)(1).

Podems did not appeal to the District Court either of the subject orders of the Magistrate Judge. And there are no apparent "extraordinary circumstances" for excusing that failure to preserve the denial-of-counsel issue. See United Steelworkers, 828 F.2d at 1008. Podems is thus stuck with this consequence: We do not decide the merits of his challenges to the orders denying the counsel motions. See, e.g., United States v. Polishan, 336 F.3d 234, 241 (3d Cir. 2003); Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 220–21 (3d Cir. 2002).[3]

That said, even if we were to excuse Podems's lack of issue-preservation here, the end result would not change. We would be reviewing the Magistrate Judge's orders for

_____

[3] At this juncture, we find it worthwhile to repeat what we said over forty years ago in Siers v. Morrash, 700 F.2d 113 (3d Cir. 1983):

> We recognize . . . that pro se litigants such as Siers are not always familiar with court procedures, particularly where, as here, Siers argued for appointment of counsel precisely because he was "generally ignorant about legal procedures" (Br. at 5). To protect pro se litigants under these circumstances, the better practice for district courts to follow would be for the magistrate to inform the pro se litigant that, if he wishes to appeal a pretrial decision, he must [timely] seek review by the district court[.]

Id. at 116.

abuse of discretion, see Houser v. Folino, 927 F.3d 693, 697 (3d Cir. 2019), and would find none, for reasons that follow.

Under 28 U.S.C. § 1915(e)(1), a federal court "may request an attorney to represent any person unable to afford counsel." In deciding whether to exercise this discretion, a court first determines whether the litigant's case has arguable merit. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). If that threshold is met, the court then considers additional factors, which include

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary [ ];
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); see also id. (cautioning "that courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases").

The Magistrate Judge denied Podems's first counsel motion because his original complaint was so sparely pleaded that it was impossible to assess the threshold consideration of 'arguable merit.' If a challenge to that ruling were preserved, we would tend to agree with the Magistrate Judge's characterization of the original pleading.

As for the order denying Podems's second counsel motion, the Magistrate Judge cited the same rationale used for denying the first one. Podems's second counsel motion, though, followed the filing of his first *amended* complaint, which, while quite

disorganized, provided far more factual detail than did the original pleading. We would nevertheless agree with the Magistrate Judge that no arguably meritorious claims were apparent in the first amended complaint, for substantially the reasons given by the District Court in granting the Defendants' motion to dismiss the FAC. See, e.g., P. R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court' under the Eleventh Amendment") (citation omitted); Mireles v. Waco, 502 U.S. 9, 12–13 (1991) (per curiam) ("If judicial immunity means anything, it means that a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'") (citation omitted); Russell v. Richardson, 905 F.3d 239, 247 (3d Cir. 2018) ("[S]o-called 'quasi-judicial' immunity has been extended over time to protect a range of judicial actors, including those who make discretionary judgments functionally comparable to judges, . . . and those who serve as arms of the court, fulfilling a quasi-judicial role at the court's request.") (cleaned up). That is how we would be inclined to rule *if* Podems had preserved his challenge to the Magistrate Judge's ruling on the second counsel motion. But, again, he did not do so.

For all of the reasons stated above, the judgment of the District Court will be affirmed.